WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando R. Molina,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-02246-TUC-DTF<br><br>**ORDER** |

Fernando Molina has filed a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Pending before the Court is the Petition (Doc. 1) and Respondents' Answer to Petition (Doc. 15). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 18.) The Court finds that the Petition should be dismissed on the ground that it is time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 2010, Molina was convicted of two counts of aggravated assault with a deadly weapon and one count of aggravated assault against a minor under fifteen. He was sentenced to concurrent terms, the longest of which was twenty-one years. (Doc. 1 at 2; Doc. 15, Ex. A at 2, 3.) Molina filed a direct appeal, which was denied on August 19, 2011. (Doc. 15, Ex. A.) His petition for review to the Arizona Supreme Court was denied on January 10, 2012. (*Id.*, Ex. B.)

On February 22, 2012, Molina filed a Notice of Post-conviction Relief (PCR). (*Id.*, Ex. C.) Appointed counsel filed a notice that he could not find any colorable claims. (*Id.*, Ex. D.) Molina was granted until September 4, 2012, to file a pro se PCR petition. (*Id.*, Ex. E.) When he did not file a petition, the PCR court denied relief on October 9, 2012. (*Id.*, Ex. F.)

On July 25, 2014, Molina filed his Petition for Writ of Habeas Corpus in this Court. (Doc. 1.)

## **DISCUSSION**

Respondents argue that Molina's Petition violates the statute of limitations and is time-barred.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation n of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

In applying (d)(1)(A), the Court must assess when direct review of Molina's convictions became final. The Arizona Supreme Court denied review on Molina's direct appeal on January 10, 2012, and his time to petition for a writ of certiorari from the

United States Supreme Court expired ninety days later, on April 9, 2012. Sup. Ct. R. 13. Thus, the judgment against Molina became final on that date. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that "direct review" includes the period during which a petitioner can petition for writ of certiorari, regardless of whether the petitioner seeks such review); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (finding direct review to include the time up to the expiration of the period to seek review by the Supreme Court).

The statute of limitations is tolled during the time a properly filed state PCR application is pending. 28 U.S.C. § 2244(d)(2). Molina already had pending a PCR proceeding at the time his judgment became final, therefore, the statute of limitations was immediately statutorily tolled on April 10, 2012. *Cf. Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). This PCR proceeding was dismissed by the trial court on October 9, 2012, and, with no pending proceedings before any state court, the statute of limitations began to run the following day, on October 10, 2012.

The AEDPA statute of limitations expired one year later on October 9, 2013. Because Petitioner did not file his habeas Petition until July 25, 2014, the one-year statute of limitation already had run.

Petitioner raised no argument for equitable tolling in the Petition and he did not file a Reply.[1] The Court can find no obvious basis for the untimeliness of this filing. The Petition is statutorily time-barred.

---

[1] The Court-approved § 2254 form petition sets forth 17 questions. Question 16 asks the petitioner to discuss the timeliness of the petition in light of § 2244(d). Molina's counsel followed the format of the Court's form, however, he included only the first 15 questions in Molina's Petition. (Doc. 1 at 13.)

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 24th day of April, 2015.

_D. Thomas Ferraro_
United States Magistrate Judge